AO 472  (Rev. 3/86)  Order of Detention Pending Trial

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

UNITED STATES OF AMERICA

CASE NO:  09-20006-08

v

TRAVIS WILDFONG

_____/

## ORDER OF DETENTION PENDING TRIAL

In accordance with the Bail Reform Act, 18 U.S.C. § 3142(f), a detention hearing has been held.  I conclude that the following facts require the detention of the Defendant pending trial in this case.

**Part I—Findings of Fact**

Does not apply.

**Alternative Findings (A)**

(1)     There is probable cause to believe that the Defendant has committed an offense for which a maximum term of imprisonment of ten years or more is prescribed in the Controlled Substances Act/ /Controlled Substances Import & Export Act; Section 1 of Act of Sept. 15, 1980.

(2)     The Defendant has not rebutted the presumption established by finding 1 that no condition or combination of conditions will reasonably assure the appearance of the Defendant as required and the safety of the community.

**Alternative Findings (B)**

(1)     There is a serious risk that the Defendant will not appear.

(2)     There is a serious risk that the Defendant will endanger the safety of another person or the community.

**Part II—Written Statement of Reasons for Detention**

The Government moves for detention pursuant to 18 U.S.C. § 3142, arguing that the presumption in favor of detention applies.  I concur in this argument as the Defendant faces more than 10 years potential custody for violations of the Controlled Substances Act.  Having made that finding, I must next consider whether there is sufficient evidence to rebut the presumption in light of the factors set forth in subsection § 3142 (g).

As to the factors set forth in subsection (g)(1) and (g)(2), I find that the offense charged involves narcotic drugs, specifically marijuana and cocaine.  From the grand jury having returned an Indictment, I find there is a definite weight of evidence, at least probable cause, supporting the charges against the Defendant.

As to §3142 (g)(3), I find that the Defendant is currently 24 years of age, is single, has no children, and is a lifelong resident of Bay City.  Both the Pretrial Services report and the Defendant's own testimony indicate that in the recent past the Defendant has effectively been homeless.  He has been staying with friends, and on occasion in recent years has resided with his parents.  The Defendant is currently self-employed, working with a friend doing carpentry work, and they hope to start a business from this endeavor.  The Defendant conceded to Pretrial Services that in the past he has been addicted to opiates, including heroin, oxycontin and Vicodin.  The Defendant testified that he has not taken any controlled substances in the previous seven to eight months, and preliminary urinalysis was negative for controlled substances.

In December 2005, the Defendant was charged, and in February 2006 pled guilty to misdemeanor retail fraud third-degree.  He was apparently placed on probation.  In August 2006, the Defendant pled guilty to misdemeanor domestic violence.  During a recess, I had the opportunity to review records of the Bay County District Court relating to this and other matters.  Those records indicated that the Defendant was initially given a deferred sentence

under Michigan law.  However, the Defendant violated the terms of that sentence and ultimately was jailed for the remainder of the sentence.  Bay County records also indicate that the Defendant has one or more traffic convictions for driving while license suspended.

In August of 2008, the Defendant was charged with felony delivery and manufacture of controlled substances.  This charge appears to have arisen from the results of a search warrant described by the Assistant United States Attorney which was executed by federal agents.  That search yielded a quantity of heroin.  During his testimony, the Defendant admitted that he had been charged, but that the charge was reduced to misdemeanor possession of heroin and he is currently awaiting sentence.  This is corroborated by the proffer of the Assistant United States Attorney.  During his testimony, the Defendant denied that he had stated to investigating officers that he was holding the heroin for another person, and that he had done this on at least two occasions in the past.  He also denied specific knowledge of a price for the heroin found in his possession.

Bay County District Court records describe matters relating to the Defendant's compliance with supervision orders issued by that court.  In January 2006, a warrant was issued apparently for failure to comply with conditions of probation and the Defendant's bond was forfeited.  On July 11, 2006, a show cause order was issued.  Ultimately the Defendant appeared and bond was posted.  Two months later, on September 10, 2006, another failure to appear was placed in the Defendant's record, as he failed to appear for an arraignment.  His bond was again forfeited.  On January 29, 2008, the Defendant failed to appear for a required court hearing, but he did appear the next day.  In  November 2008, yet another failure to appear was posted and a bench warrant issued relating to a driving while license suspended conviction.  The Defendant's bond was again forfeited.

Defense counsel points out that the Defendant's name is not the first listed in the caption of this Indictment, and that he is only charged in a single count.  While both of those

3

facts are accurate, neither has any bearing upon the standards I must apply under the Bail Reform Act.  By virtue of the grand jury having passed an Indictment, there is at least probable cause supporting the charge made against the Defendant.  The numerical position of the Defendant in the case caption is irrelevant to any of the factors set forth in the Act.

The Defendant testified that if released he could live with friends, at a homeless shelter, or with his family.  While any of those alternatives may in fact be possible, in light of the Defendant's substance abuse, his consistent failure to comply with requirements of probation orders issued in cases involving charges much less severe than those facing him in this Court, I find that the residences proposed by the Defendant are wholly unacceptable.  I cannot conceive how the Defendant's friends would be able to monitor or control him in the fashion I believe absolutely necessary under the Bail Reform Act.  Although the Defendant's father testified, in light of his very obvious and regrettable disability I find that he would also be unable to exert the control required under the Bail Reform Act.  Accordingly, I find that the presumption in favor of detention has not been rebutted on the evidence presented.  I  further conclude that even if it had been, under the circumstances there are no conditions nor any combination of conditions I could craft which would reasonably assure the safety of the community or the Defendant's appearance as required.  In making this finding, I note that at least seven circuits and a number of district courts all have held that continued drug dealing constitutes *per se* a danger to the community. *United States v. Milan*, 4 F.3d 1038, 1047 (2nd Cir. 1993); *United States v. Strong*, 775 F.2d 504, 507 (3rd Cir. 1985); *United States v. Williams (Melvin)*, 753 F.2d 329, 335 (4th Cir. 1985); *United States v. Hare*, 873 F.2d 796, 798 (5th Cir. 1989); *United States v. Portes*, 786 F.2d 758, 765 ((7th Cir. 1986); *United States v. Sazenski*, 806 F.2d 846, 848 (8th Cir. 1986); *United States v. De Leon*, 766 F.2d 77, 81 (2nd Cir. 1985); *United States v. Webb*, 238 F.3d 426, No. 00-6368, 2000 WL 1721060, * 1 (6th Cir. Nov. 6, 2000); *United States v. Kay*, 82 F.3d 415, No. 96-20058, 1996 WL 167512,

*2 (5th Cir. Mar. 15, 1996) *United States v. Arroyo-Reyes*, 32 F.3d 561, No. 94-1535, 1994 WL 440654, *3 (1st Cir. (Puerto Rico) Aug. 15, 1994); *United States v. Pena-Ruiz*, 532 F. Supp. 2d 367, 369 (D. Puerto Rico, 2008); *United States v. Thomas*, No. 2008-0020, 2008 WL 2557997, *4, 2008 WL 2557997 (D. Vir. Isl. June 23, 2008); *United States v. Kelley*, No. 08-40011-01-RDR, 2008 WL 821951, *2-3 (D. Kan. Mar. 26, 2008); *United States v. Hamlin*, No. 07-20274-03, 2007 WL 2225868, *2 (E.D. Mich. Aug. 1, 2007); *United States v. Rivera-Febres*, No. 07-054(DRD), 2007 WL 4287515, *4 (D. Puerto Rico Dec. 4, 2007) *United States v. Caniglia*, No. 02-188-01, 2002 WL 32351181, *5 (E.D. Pa. Apr. 9, 2002).

   For these reasons, the Government's motion to detain is granted.


**Part III—Directions Regarding Detention**

   The Defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal.  The Defendant shall be afforded a reasonable opportunity for private consultation with defense counsel.  On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver the Defendant to the United States marshal for the purpose of an appearance in connection with a court proceeding.


                          s/ Charles E Binder

                          CHARLES E. BINDER
Dated: January 29, 2009         United States Magistrate Judge


### CERTIFICATION

   I hereby certify that this Order was electronically filed this date, electronically served on Shane Waller, Craig Wininger, and Philip Sturtz, and served Pretrial Services and the U.S. Marshal's Service by other electronic means.

                          By____s/Jean L. Broucek_____
Date: January 29, 2009          Case Manager to Magistrate Judge Binder